UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELANIE WHITE, individually and as PR of the Estate of Isaiah White, and DARREN POLLARD,

    Plaintiffs,

v.

LEIGH HLAVATY, acting in her individual capacity and official capacity as Deputy Chief Medical Examiner for the Wayne County Medical Examiner's Office, and WAYNE COUNTY,

    Defendants.

Case No. 2:22-cv-13005

Hon. Terrence G. Berg

Magistrate Judge Elizabeth Stafford

# Defendants' Reply Brief in Support of Their Motion to Dismiss

## TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................... II

CONTROLLING AUTHORITY ................................................................. III

TABLE OF AUTHORITIES ........................................................................ IV

I. Introduction ................................................................................................ 1

II. Argument .................................................................................................... 1

    A. Plaintiffs' Complaint Fails to State a Viable Municipal Liability Claim Against Wayne County for a Violation of 42 U.S.C. § 1983 ....................... 1

        1. Plaintiffs fail to show a custom of tolerance or acquiescence of a constitutional rights violations. ....................................................... 3

    B. Plaintiffs admit Wayne County is immune from suit under the GTLA. .... 5

    C. Speculation, conjecture, and hearsay do not establish gross negligence and qualified immunity shields Dr. Hlavaty from Plaintiffs' claims. ......... 5

    D. Plaintiffs fail to plead elements for NIED Claim. ...................................... 6

CONCLUSION AND RELIEF REQUESTED ............................................... 7

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I. Have Plaintiffs failed to properly state a claim for violation of the Equal Protection Clause under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 when they failed to allege the existence of a municipal policy or custom that caused Plaintiffs' alleged constitutional violation?

   **Defendants answer: Yes.**

   **Plaintiffs answer: No.**

II. Have Plaintiffs failed to properly state a claim for gross negligence against Defendants when (i) governmental immunity bars claims of gross negligence against a municipality pursuant to M.C.L. § 691.1407(1); and (ii) Wayne County Medical Examiner Leigh Hlavaty M.D.'s actions fail to meet the definition of gross negligence as defined in M.C.L. § 691.1407(8)(a) as a matter of law?

   **Defendants answer: Yes.**

   **Plaintiffs answer: No.**

III. Have Plaintiffs failed to properly state a claim for negligent infliction of emotional distress when Defendants are entitled to governmental immunity for claims of negligence pursuant to M.C.L. §691.1407 and no other applicable exception to governmental immunity applies?

   **Defendants answer: Yes.**

   **Plaintiffs answer: No.**

## CONTROLLING AUTHORITY

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Duran v. Detroit News, Inc.*, 504 N.W.2d 715 (Mich. Ct. App. 1993)

*Memphis Am. Postal, Afl-Cio v. Memphis*, 361 F.3d 898 (6th Cir. 2004)

*Monell v. Dep't. of Soc. Servs*, 436 U.S. 658 (1978)

*Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291 (6th Cir. 2015)

*Robinson v. Caruso*, No. 08-14069, 2010 WL 1257497 (E.D. Mich. Mar. 29, 2010)

*Tarlea v. Crabtree*, 687 N.W.2d 333 (Mi. Ct. App. 2004)

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005)

**Statutes**

48 U.S.C. §1983

M.C.L. §691.1407

**Rules**

Fed. R. Civ. P. 12(b)(6)

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................... 1, 2, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................... 1, 2, 4

*Burton v. City of Detroit*, No. 340592, 2019 WL 1866593, at *2 (Mich. Ct. App. Apr. 25, 2019) ................................................................................................ 7

*Edison v. State of Tenn. Dept. of Child.'s Servs.*, 510 F.3d 631,634 (6th Cir. 2007) ........................................................................................................................ 1

*Foster v. Michigan*, 573 F. App'x 377, 392 (6th Cir. 2014) ............................................. 2

*Jones v. Muskegon Cty.*, 625 F.3d 935, 946 (6th Cir. 2010) ....................................... 4, 5

*Loving v. Virginia*, 388 U.S. 1, 10 (1967) ...................................................................... 2

*Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291, 296 (6th Cir. 2015) ............................. 5

*Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No. 2:08-cv-12247, 2010 WL987772, at *3 (E.D. Mich. Mar. 12, 2010) ........................................... 6

*Reno v. Chung*, 559 N.W.2d 308, 309 (Mich. Ct. App. 1997) ....................................... 7

*Robinson v. Caruso*, No. 08-14069, 2010 WL 1257497, at *5 (E.D. Mich. Mar. 29, 2010) ................................................................................................................ 3

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) ............................ 4

*Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) ......................................... 6

## STATUTES

MCL §691.1407 ................................................................................................................. 6

## RULES

FRE 801-804 ..................................................................................................................... 6

Rule 12(b)(6) ................................................................................................................ 1, 6

## I. Introduction

Plaintiffs' Opposition to Defendants' Motion to Dismiss fails to provide any valid grounds to avoid dismissal. Plaintiffs' Opposition does not establish that any deprivation of constitutional rights occurred or that any exception to the GTLA applies here. Nor do Plaintiffs plead sufficient facts to support a claim that Dr. Hlavaty was grossly negligent. Plaintiffs' Complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rather, Plaintiffs' Opposition and Complaint contain nothing more than conclusory allegations and legal conclusions masquerading as factual allegations—exactly what the Supreme Court and Sixth Circuit have held "will not suffice" to survive of motion to dismiss. *Id.*; *Twombly*, 550 U.S. at 555; *Edison v. State of Tenn. Dept. of Child.'s Servs.*, 510 F.3d 631,634 (6th Cir. 2007). Therefore, dismissal of Plaintiffs' Complaint is appropriate and warranted under Rule 12(b)(6).

## II. Argument

### A. Plaintiffs' Complaint Fails to State a Viable Municipal Liability Claim Against Wayne County for a Violation of 42 U.S.C. § 1983.

Plaintiffs do not adequately plead a Section 1983 claim against Wayne County. As more fully stated in Defendants' Moving Brief (ECF No. 8, PageID.65-69), Plaintiffs base their Section 1983 claim against Defendants on nothing more than "information

and belief" that the decision to change the manner of death after a thorough DPD homicide unit investigation was due to Decedent's ethnicity and economic status. (Compl. ¶¶ 28-29; ECF No. 1, PageID.6). That is not sufficient. *See Iqbal*, 556 U.S. at 678 (the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citing *Twombly*, 550 U.S. at 555).

First, Plaintiffs' reliance on *Foster v. Michigan*, 573 F. App'x 377, 392 (6th Cir. 2014) and *Loving v. Virginia*, 388 U.S. 1, 10 (1967) are misplaced and inapposite. In *Foster*, the Sixth Circuit affirmed the dismissal of the plaintiffs' Section 1983 claims against the state defendants based on 11th Amendment sovereign immunity and individual defendant for lack of evidence at the summary judgment stage to establish an adverse discriminatory action occurred with respect the award of consulting contracts with the State of Michigan. *Id.* 391-392. In *Loving,* the Supreme Court held that Virginia's statute preventing interracial marriage violated the equal protection and due process clauses of the 14th Amendment. *Id.* at 11-12. There is no Michigan statute or law at issue here and the analysis of *Loving* does not apply here.

Next, Plaintiffs' Opposition, at ECF No. 12, PageID.102-104, contains nothing more than legal argument and supposition without any legal citations or factual support that Defendants deprived Decedent of his 14th Amendment equal protection rights by amending his manner of death from a homicide to suicide (after the months

2

long DPD investigation) solely based on Decedent's race and economic status. Nor do Plaintiffs point to any Wayne County policy or procedure they claim led to the purported violation of Decedent's rights—that is because they cannot. Bare allegations of a custom or policy without any supporting evidence is not enough to survive a motion to dismiss. *Robinson v. Caruso*, No. 08-14069, 2010 WL 1257497, at *5 (E.D. Mich. Mar. 29, 2010).

> **1. Plaintiffs fail to show a custom of tolerance or acquiescence of a constitutional rights violations.**

Plaintiffs' Opposition cites to a violation of "Plaintiff Coleman's" constitutional rights (ECF No. 12, PageID.104) is curious as there is no Plaintiff Coleman in this case.  Next, Plaintiffs rely on the conclusory statement in paragraph 29 of the Complaint stating that Wayne County "either holds policies, practices, and customs that allowed this conduct to flourish or is completely indifferent." (ECF No. 12, PageID.105). Significantly, nowhere paragraph 29 or anywhere in the Complaint do Plaintiffs point to any specific official agency policy or custom of tolerance or acquiescence of a federal rights violation to support a Section 1983 claim. As detailed in Defendants Moving Brief, conclusory allegations are not sufficient to defeat a motion to dismiss. (ECF No. 8, PageID.68-72.) Such broad statements without the requisite factual enhancement amount to nothing more than "threadbare" conclusions that are insufficient to meet the "plausible" claim standard required. *See*

*Iqbal*, 556 U.S. 678; *Twombly*, 550 U.S. at 555. Plaintiffs have failed to set forth sufficient allegations of a "clear and persistent pattern of illegal activity that was the "moving force" in a deprivation of decedent's rights, and of which Wayne County had knowledge and tacitly approved. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Next, Plaintiffs' Opposition claims without any factual support that "two instances of this misconduct" have been found in an effort to plead a "clear and persistent pattern" exists. (ECF No. 12, PageID.105.) The "two instances" Plaintiffs rely upon are the Complaint Plaintiffs filed here and the complaint filed by the same Plaintiffs' counsel (four weeks earlier) on November 22, 2022 in the Eastern District of Michigan titled, *Ivery v. Hudson et al.*, Case No. 2:22-cv-12440, pending before Judge Sean F. Cox. No findings of fact have been made in either case. Filing two complaints within weeks of each other by the same Plaintiffs' counsel claiming Section 1983 violations does not create a "clear and persistent" pattern of alleged constitutional violations that is "so widespread, permanent, and well settled as to have the force of law. *See Jones v. Muskegon Cty.*, 625 F.3d 935, 946 (6th Cir. 2010) (four other incidents of similar improper conduct alone did not make the required showing of "widespread, permanent, and well-settled custom"). Moreover, Plaintiffs cannot rely on only the allegations of their own Complaint and one other alleged

4

incident to demonstrate Wayne County had a policy of custom of unconstitutional conduct. *Id.; Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291, 296 (6th Cir. 2015). Rather, Plaintiffs must plead facts demonstrating a clear and persistent pattern. *Id.* Plaintiffs have not done so here. For that reason, and the other reasons detailed in Defendants' Moving Brief, Plaintiffs have not plead a cognizable claim for liability under Section 1983 and Count I should be dismissed.

### B. Plaintiffs admit Wayne County is immune from suit under the GTLA.

Plaintiffs admit the GTLA applies and insulates Wayne County from any tort liability and that Plaintiffs do not have any viable tort claims against Wayne County. (ECF No. 12, PageID.109). As such, Plaintiffs' Complaint should be dismissed.

### C. Speculation, conjecture, and hearsay do not establish gross negligence and qualified immunity shields Dr. Hlavaty from Plaintiffs' claims.

Plaintiffs do not dispute that the GTLA affords Dr. Hlavaty qualified immunity from Plaintiffs' claims. Rather, Plaintiffs allege in conclusory fashion a gross negligence claim to avoid the GTLA. Nowhere in their Opposition do Plaintiffs distinguish the numerous cases cited by Defendants in their Moving Brief (ECF No. 8, PageID.72-78) that merely alleging an actor could have done more or something different is enough to establish gross negligence. To avoid governmental immunity, Plaintiff must plead facts sufficient to establish gross negligence and conduct "so

5

reckless as to demonstrate a substantial lack of concern for whether injury results." MCL §691.1407(2). As detailed in Defendants' Moving Brief, Plaintiffs do not do so.

Instead, Plaintiffs rely on two newspaper articles neither of which is related to the Decedent or this case. First, the 2018 Washington Post article discusses alleged discrimination in police arrests– nothing to do with Wayne County or the WCMEO, and is not relevant, much less admissible evidence.[1] The other article contains speculation from a different county's M.E. based on press interviews of a different plaintiff. Both articles constitute inadmissible hearsay and no valid hearsay exception exists; as such, neither are proper evidence for a motion to dismiss. FRE 801-804; *See also Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) (finding newspaper article to be inadmissible hearsay); *Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No. 2:08-cv-12247, 2010 WL987772, at *3 (E.D. Mich. Mar. 12, 2010) (same).

**D. Plaintiffs fail to plead elements for NIED Claim.**

Plaintiffs' NIED claims are barred by governmental immunity and none of the actions cited by Plaintiffs describe conduct that is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency. Absent from Plaintiffs'

---

[1] Plaintiffs did not file (or serve) the referenced Washington Post article as an exhibit to their Opposition or Complaint. Thus it is not only improper hearsay but also outside the pleadings and not proper to consider under a Rule 12(b)(6) motion.

Opposition is any cited caselaw, statute, or rule establishing that Defendants owed any duty to the individual Plaintiffs. (ECF No. 12, PageID.108-109.) Nor do Plaintiffs claim any special relationship exists (none does). That is because Michigan Courts consistently hold that the medical examiner does not owe individual family members any such duty. *Burton v. City of Detroit*, No. 340592, 2019 WL 1866593, at *2 (Mich. Ct. App. Apr. 25, 2019); *Reno v. Chung,* 559 N.W.2d 308, 309 (Mich. Ct. App. 1997). Nor have Plaintiffs alleged they witnessed any negligent injury to a third person. As such, Counts III-IV of the Complaint must be dismissed with prejudice.

## CONCLUSION AND RELIEF REQUESTED

For these reasons and the legal principles and argument set forth in this Reply Brief and Defendants' Moving Brief, Defendants respectfully request that this Court dismiss all Counts alleged in Plaintiffs' Complaint, with prejudice, and with all other appropriate relief for Plaintiffs' failure to state a claim.

Respectfully submitted,

**BROOKS WILKINS SHARKEY & TURCO PLLC**
  /s/ Maureen T. Taylor
Counsel for Defendants
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
248.971.1721 / taylor@bwst-law.com
P63547

Date: March 13, 2023

#90293

## CERTIFICATION OF LOCAL RULE 7.1

I, Maureen T. Taylor, certify this Reply Brief in Support of Defendants' Motion to Dismiss complies with Local Rule 5.1(a), including double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that the documents are the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

**BROOKS WILKINS SHARKEY & TURCO PLLC**

  /s/ Maureen T. Taylor
Counsel for Defendants
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
248.971.1721/ taylor@bwst-law.com
P63547

Date: March 13, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of the filing to all counsel of record.

    /s/ Maureen T. Taylor
Counsel for Defendants
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
248.971.1721 / taylor@bwst-law.com
P63547