UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELANIE WHITE, et al.**,<br><br>Plaintiffs,<br><br>vs.<br><br>**LEIGH HLAVATY, et al.**,<br><br>Defendants. | 2:22-CV-13005-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION TO DISMISS (ECF NO. 8)** |

On January 13, 2023, Defendants Leigh Hlavaty and Wayne County filed a motion to dismiss the complaint filed by Plaintiffs Melanie White and Darren Pollard. ECF No. 8. Defendants have moved to dismiss all four counts raised in Plaintiffs' complaint for failure to state claims under Federal Rule of Civil Procedure 12(b)(6).

With respect to Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim brought under 42 U.S.C. § 1983 (Count I), Defendants' motion and reply brief focus solely on addressing Plaintiffs' allegations of Defendants' intentional race discrimination.

But Plaintiffs also contend that Defendants violated the Fourteenth Amendment by alleging that "[i]f Defendants did not make a racial classification on Decedent, there was still no rational basis for this decision and Defendant Hlavaty abused her discretion by unreasonably determining that Decedent's death was a suicide." Complaint, ECF No. 1, ¶ 33, PageID.7. The Court construes this allegation as pleading a "class

1

of one" theory of discrimination. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir. 2005).

Because the viability of this theory is not adequately briefed by either party, unless Defendants wish to waive their challenge to Plaintiffs' Fourteenth Amendment claim under this theory, the Court will direct the parties to submit supplemental briefing addressing the issue. Accordingly, the Court **ORDERS** Defendants to submit supplemental briefing addressing Plaintiffs' "class of one" theory of discrimination by no later than **June 19, 2023**. Plaintiffs' response to Defendants' supplemental briefing is due on **June 29, 2023**. Each party's submission shall not exceed five (5) pages in length.

**IT IS SO ORDERED.**

Dated: June 7, 2023    s/Terrence G. Berg
　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

2