UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELANIE WHITE and DARREN POLLARD, as PR of the ESTATE OF ISAIAH WHITE**,<br><br>Plaintiffs,<br><br>v.<br><br>**WARREN C. EVANS**,<br><br>Defendant. | 2:22-CV-13005-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**OPINION & ORDER DISMISSING CASE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 22) AND AMENDED MOTION TO AMEND COMPLAINT (ECF NO. 23)** |

Before the Court is Plaintiffs' amended motion for leave to file an amended complaint. ECF No. 22, 23[1]. Oral argument will not

---

[1] In reviewing Plaintiffs' motions and supporting memoranda, it is not immediately evident from whom Plaintiffs seek relief. In the case captions for Plaintiffs' motion to amend ("Motion I") and amended motion to amend ("Motion II"), Plaintiffs strikethrough the original individual Defendant, Leigh Hlavaty ("Hlavaty"). ECF No. 22, PageID.179, 182; ECF No. 23, PageID.219, 221. The caption of the initial proposed First Amended Complaint ("Amd. Comp. I") omits Hlavaty entirely, leaving Wayne County as the sole Defendant. ECF No. 22, PageID.187. The caption of the resubmitted proposed First Amended Complaint ("Amd. Comp. II") omits both Hlavaty and Wayne County; instead, naming Wayne County Chief Executive Warren C. Evans in his official capacity ("Evans") as the sole Defendant. Yet the body of the Amended Complaints alternate between reference to a singular Defendant and multiple Defendants: "At all material times, Defendant Wayne County…employed Defendant Hlavaty and is liable for his [sic] acts." Amd. Comp. II, ECF No. 23, PageID.227 ¶6; *See, e.g.,* "*Defendant's* employee…" and "*Defendants*, acting under color of state law…" *Id.* at PageID.230 ¶30,

significantly aid the decision-making process. Thus, no hearing is necessary to decide the Motion. *See* E.D. Mich. LR(f)(2). Having carefully reviewed the proposed amended complaint, supporting exhibits, and briefings, the Motion is **DENIED** for the reasons stated below. Consequently, it is **ORDERED AND ADJUDGED** that the case is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

The Court has already detailed the facts pertinent to this case in its Order Granting Defendants' Motion to Dismiss dated July 27, 2023. ECF No. 20. Because the current Motion[2] seeks leave to amend Plaintiffs' complaint, the Court will focus on the procedural posture of the case and any facts relating to the request for leave to amend.

On September 21, 2021, 22-year-old Isaiah White ("White" or "Decedent") died of a shotgun wound to the back of the head. Two days later, the Wayne County Deputy Chief Medical Examiner, Defendant Leigh Hlavaty, wrote a report stating that the cause of death was

---

¶31.Further, Motion I and Motion II are identical, save for a single sentence at the end of Motion II: "THE AMENDMENT IS TO ADD WARREN C. EVANS CHIEF EXECUTIVE OF WAYNE COUNTY AS A DEFENDANT." ECF No. 23, PageID.219. This provision appears to indicate the superseding intent of Motion II. Moreover, given that Evans is the sole Defendant included in the caption of Amended Complaint II, the Court will proceed under that assumption.

[2] For readability, from this point on, the Court will refer solely to the Amended Motion for Leave to File an Amended Complaint ("Motion" or "Motion II"). Nevertheless, this Opinion & Order also resolves Motion I.

homicide. The circumstances of White's death described in the police report, however, suggested that his fatal wound was self-inflicted. Relying on that report and crime scene analysis, Hlavaty later amended her report to state that the cause of death was suicide. On December 12, 2022, White's bereaved parents—Plaintiffs Melanie White and Darren Pollard—brought suit against then-Defendants Hlavaty and Wayne County asserting:

> (1) Former Defendants, under 42 U.S.C. § 1983, violated the Fourteenth Amendment by changing White's cause of death from homicide to suicide either based on race or without any rational basis ("Count I");
>
> (2) In failing to investigate White's death properly, former Defendants were grossly negligent ("Count II"); and,
>
> (3) The failure to properly investigate negligently inflicted emotional distress on Ms. White and Mr. Pollard. ("Count III" and "Count IV").

ECF No. 1. PageID.6–11.

Hlavaty moved to dismiss the original complaint (ECF No. 8), and the Court heard oral argument on that motion.[3] On July 27, 2023, the

---

[3] The Court ordered the former Defendants to provide supplemental briefing on Plaintiffs' class-of-one theory, given they intended to move for complete dismissal of Plaintiffs' Fourteenth Amendment claim. ECF No. 16. Defendants submitted supplemental briefing arguing that Plaintiffs failed to state a claim on a class-of-one theory. ECF No. 18. Plaintiffs responded to Defendants' supplemental briefing, ECF No. 19, and the Court questioned both parties on the class-of-one theory during the oral argument on July 20, 2023.

Court dismissed Counts II through IV with prejudice. ECF No. 20, PageID.177. The Court also dismissed Plaintiffs' § 1983 Fourteenth Amendment claim without prejudice, instructing Plaintiffs that—if they wished to do so—they were to submit a motion for leave to file an amended complaint no later than August 10, 2023. *Id.* On August 10, 2023, Plaintiffs submitted their Motion to Amend. ECF No. 22, 23. Defendant, in turn, filed a Response on August 24, 2023. ECF No. 25.

## II. LEGAL STANDARD

The decision to grant or deny a motion to amend is within the Court's sound discretion. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990). A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* Even so, amendments should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Sixth Circuit has held that amendment is futile if a proposed amended complaint would not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); see *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d

4

21, 23 (6th Cir. 1980). In evaluating whether a complaint would survive a motion to dismiss, courts "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

Generally, when considering a motion to dismiss, the Court is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Courts may, however, consider any exhibits attached to the complaint or a defendant's motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Though this standard is liberal, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to support their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under *Ashcroft v. Iqbal*, a plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short

5

if they plead facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79).

### III. DISCUSSION

Despite slight differences in phrasing and presentation, Plaintiffs' Amended Complaint is, in substance, identical to the Fourteenth Amendment claim contained in Plaintiffs' original complaint.

Where originally Decedent was stated to have been deprived of his constitutionally protected rights and to have suffered severe reputational damage as a direct and proximate cause of Wayne County's policies, practices, and customs (ECF No. 1, PageID.7); now, Decedent is stated to have been systemically denied justice as a direct and proximate cause of Defendant's employee's conduct—as the Decedent's death certificate continues to state "suicide" instead of "homicide" as the cause of his death. ECF No. 23, PageID.231.

Where originally the complaint alleged that "Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, or reckless disregard to Decedent's constitutional rights to be treated fairly and equally without regard to his ethnicity," ECF No. 1, PageID.6; now, it is alleged that "Defendant's employee, acting under the color of state law, without a rational basis,

6

unreasonably and without merit, switched Decedent's cause of death to "suicide" from "homicide." ECF No. 23, PageID.230.

Finally, while the Fourteenth Amendment violation was initially presented as a *Monell* claim; the Amended Complaint explicitly states, "[t]his claim is being brought under the class of one theory." ECF No. 23, PageID.230.

In its July 27 Order (ECF No. 20), the Court dismissed Plaintiffs' previous class-of-one claim and explained in some detail the deficiencies that needed to be addressed.

*White v. Hlavaty*, No. 2:22-CV-13005, 2023 WL 4830589, at *4–6 (E.D. Mich. July 27, 2023). The Court will not repeat that analysis here, but it is incorporated by reference.

Plaintiff's proposed class-of-one claim unfortunately suffers from the same flaws as the original. To bolster the realleged claim, Plaintiffs' Amended Complaint includes the following new factual allegations:

- On the date of Decedent's passing, Isaiah White, Tray Lapsley, Kaleb Lapsley, and Michael Nelsoms lived at 15772 Coyle Street in Detroit, Michigan. ECF No 23, PageID.227 ¶7.
- Body camera footage reveals a long-arm 12-gauge shotgun is visible at the scene when officers arrive. *Id.* at PageID.228 ¶13.
- At one point, Officer Corey Davis opines, "this don't look like no suicide…" *Id.* at ¶14.

7

- There are "affidavits of [seven] individuals who have actual knowledge of the persons living in the house on Coyle Street" and whom police never interviewed. *Id.* at ¶17; Plaintiffs Exh. 5, ECF No. 23-6.
- There is no blood splatter analysis report. Plaintiffs Exh. 7, ECF No. 23-8.
- Neither the police report nor the medical examiner's report specify the type of shotgun found at the scene. ECF No. 23, PageID.229 ¶22.
- Law enforcement has suggested to Plaintiffs that the police investigation into Decedent's death has been re-opened. *Id.* at PageID.229 ¶23.

Notably, Plaintiffs do not allege a single fact about Evans—the sole proposed Defendant—let alone demonstrate that he harbored animus or ill-will toward White. Nor does the Amended Complaint allege that White was treated differently from any other similarly situated individuals. In reality, the proposed claim operates just as the original: it claims that Hlavaty's actions ("Defendant's employee's actions") were irrational. Rather than attributing liability for Hlavaty's alleged irrationality to Wayne County directly, Plaintiffs impute liability to Defendant Evans in his official capacity as Wayne County Chief Executive. This new assertion makes a distinction without a difference.

8

The repackaged class-of-one claim remains incapable of withstanding a motion to dismiss.

Plaintiffs' new factual allegations, accepted as true, have no bearing on the rationality of Hlavaty's conduct: The exact tenancy composition of the Coyle Street address during decedent's occupancy bears no relation to Hlavaty's analysis. While the police and medical examiner reports would have been more comprehensive had they included the type of shotgun found that night, the omission of this information—even accounting for previously-unreleased footage of a long-arm 12-gauge shotgun at the scene—does not demonstrate irrationality on Hlavaty's part. Similarly, the nonexistence of a blood splatter analysis report is not the same as the nonperformance of blood splatter analysis; such analysis can occur without being reduced to writing. Likewise, neither law enforcement's re-opening of its investigation into Decedent's death nor Officer Davis' initial opinion signify that Hlavaty's conduct was irrational.

To reiterate, the Court must uphold Hlavaty's conduct "if any conceivable basis rationally supports it." *TriHealth, Inc.*, 430 F.3d at 790. And, "[w]hile Hlavaty's amended postmortem report could have included a more detailed factual basis for changing White's cause of death, to plead "class of one" discrimination, Plaintiffs need to plausibly allege that [Hlavaty's] conduct was wholly irrational." Even taking all of the relevant factual allegations supporting the Motion into account

9

collectively, Plaintiffs have, again, failed to do so. Plaintiffs fail to state a constitutional violation resulting from Hlavaty's conduct. Accordingly, Plaintiffs fail to state a constitutional violation whether directly against proposed Defendant Evans or vicariously as Hlavaty's employer.

## IV. CONCLUSION

The Sixth Circuit has held that amendment is futile if a proposed amended complaint would not survive a motion to dismiss. *Rose*, 203 F.3d at 420*; see Neighborhood Development Corp.*, 632 F.2d at 23. As Plaintiffs amended complaint could not survive a motion to dismiss, it is futile, and the Motion is **DENIED**. Consequently, it is **ORDERED AND ADJUDGED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: January 26, 2024         /s/Terrence G. Berg
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

10